# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,**<br><br>        Plaintiffs,<br><br>    vs.<br><br>**APPLE INC.,**<br><br>        Defendant. | Civil Action No.  2:21-cv-376<br><br>**PUBLIC REDACTED** |

## ERICSSON'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 15(a), Ericsson moves for leave to file its first amended complaint, attached to this motion as Exhibit A, to assert claims against Apple for breach of FRAND and breach of the duty to negotiate in good faith. There are several reasons why the Court should permit amendment.

*First*, this case is in its early stages, with no docket control order entered. Accordingly, the liberal amendment policies of Rule 15(a) govern Ericsson's motion for leave, and Ericsson's motion should be granted since there has been no undue delay, bad faith, or dilatory motive on Ericsson's part. Ericsson could have amended its complaint in response to Apple's motion to dismiss until January 10, 2022 as a matter of right.

*Second*, Apple cannot demonstrate a "substantial reason" why Ericsson's motion should be denied. ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████ Ericsson timely seeks to bring its claims that Apple has violated FRAND.

II.  **ARGUMENT**

Because Ericsson's motion does not require modification of a scheduling order, the liberal Rule 15 standard governs. *See Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). As the Fifth Circuit recently emphasized, "Rule 15(a)(2) *requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (emphasis in original) (quoting FED. R. CIV. P. 15(a)(2)). The language of the rule "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quotation omitted). Because the rule favors amendment, there must be a

1

"'substantial reason' to deny a request for leave to amend." *Id.* No substantial reason exists to deny leave here.

Ericsson's request to amend is timely. Ericsson filed its original complaint on October 4, 2021. Dkt. No. 1. Apple filed a motion to dismiss Ericsson's original complaint on December 17, 2021. Dkt. No. 7. Though the filing of an amended complaint moots Apple's motion to dismiss, *see Ultravision Techs., LLC v. Eaton Corp. PLC*, 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019), since Apple has not consented to the amendment, Ericsson filed its response in opposition concurrently with this motion for leave subject to the Court granting Ericsson's motion for leave. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Cf. Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981) (reversing denial of leave to amend and explaining that a 41-day delay in bringing amendment is reasonable).

Apple will not be prejudiced by Ericsson's amendment. Ericsson's original complaint asked the Court for a declaration that Ericsson complied with FRAND and the ETSI IPR Policy in its dealings with Apple regarding a license for cellular essential patents between the parties. Ericsson's amended complaint seeks to add two causes of action against Apple: breach of FRAND, and breach of the duty to negotiate in good faith. Ericsson's original complaint gave Apple adequate notice of the transactions at issue, the Court has not even entered a scheduling order yet, and because discovery has not yet begun, the new claims will not necessitate any "reiteration of discovery proceedings." *Id.* Under a plain application of Rule 15(a)(2), Ericsson's motion should be granted.

### III.   CONCLUSION

For the forgoing reasons, Ericsson asks that the Court grant its motion for leave to file its first amended complaint.

2

Dated: January 17, 2021

Theodore Stevenson, III (Lead Attorney)
Texas State Bar No. 19196650
ted.stevenson@alston.com
**ALSTON & BIRD**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3507
Facsimile: (214) 922-3899

Christine Woodin
Texas State Bar 24199951
cwoodin@hueston.com
**HUESTON HENNIGAN LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4099
Facsimile: (888) 775-0898

Respectfully Submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Blake Bailey
Texas State Bar No. 24069329
bbailey@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on January 17, 2021.

/s/ Nicholas Mathews
Nicholas Mathews

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for Plaintiffs reached out to counsel for Defendant Apple regarding the foregoing motion but was unable to schedule a conference prior to filing this motion.

/s/ Nicholas Mathews
Nicholas Mathews