IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,**<br><br>     Plaintiffs,<br><br>     vs.<br><br>**APPLE INC.,**<br><br>     Defendant. | Civil Action No.  2:21-cv-376<br><br>**PUBLIC REDACTED** |

# ERICSSON'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT

Ericsson's motion for leave must be granted unless Apple can show a "substantial reason" to the contrary. No real reason to deny leave exists, as this case is in its preliminary stages and the amendment in question raises claims that arise from the transactions or occurrences that were raised in the original complaint.

*First*, Ericsson already demonstrated why the Court has jurisdiction over Ericsson's original complaint. Undeterred, Apple attempts to argue that the Court cannot allow Ericsson's amendment by misapplying a series of cases denying leave to amend when the original plaintiff seeks to **substitute a new plaintiff to create jurisdiction**—clearly, not what Ericsson's amended complaint does. *See* Dkt. No. 18-1. And even if Apple were correct that the Court lacked jurisdiction over Ericsson's original complaint, granting Ericsson's motion for leave would still be appropriate since the claims Ericsson is adding through its amended complaint relate back to its original complaint.

*Second*, Apple cannot identify a "substantial reason" why Ericsson's motion should be denied. Ericsson brought this amendment ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, this case is in its infancy, and Ericsson would almost certainly still be able to file its amended complaint without leave of Court once a DCO is entered.[1] And though Apple says Ericsson's amendment is done in bad faith, Apple provides no evidence to support its rhetoric.

I.  ARGUMENT

  A.  **Apple's Jurisdictional Argument is Unavailing**

For the reasons explained in prior briefing, the Court has subject matter jurisdiction over Ericsson's original complaint, which involved a single declaratory-judgment claim that Ericsson complied with its FRAND commitment. *See generally* Dkt. No. 19; Dkt. No. 26. Since the Court

---

[1] Even under Apple's proposed DCO in its second-filed case, Ericsson's amendment is well within the deadline to amend without leave. *See* 2:21-cv-460 (E.D. Tex.), Dkt. No. 20-1, p. 4.

1

has jurisdiction over Ericsson's original complaint, the central premise of Apple's opposition to Ericsson's motion for leave to amend is fatally flawed and should be rejected.

Even under Apple's flawed premise, however, Apple's conclusion is erroneous. First, Apple misapplies the caselaw: In every case Apple cites, the original plaintiff lacked subject-matter jurisdiction under any set of facts and sought to correct that defect by substituting in *a different plaintiff* who would ostensibly fix the jurisdictional defect and continue prosecuting the action. *See* Dkt. No. 24, pp. 2-3 (citing *Summit Off. Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1281-82, 1284 (5th Cir. 1981) (plaintiff prevented from amending complaint to add new plaintiffs and new claims when "[n]o amendment could give [the original plaintiff] a cause of action" because doing so would have "the characteristics of a new lawsuit rather than an amended complaint"); *Fed. Recovery Servs. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) (denying amendment because a plaintiff cannot "amend[] its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction."); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) (same conclusion when attempt to substitute plaintiff made); *Bhandari v. Cadence Design Sys., Inc.*, 485 F. Supp. 2d 747, 750 (E.D. Tex. 2007) (same conclusion when attempt to name new plaintiff made); *TXCAT v. Phx. Grp. Metals, LLC*, No. CIV.A. H-10-0344, 2010 WL 5186824, at *3 (S.D. Tex. Dec. 14, 2010) (same). Tellingly, Apple omits these crucial distinctions from its quotation of the authority:

| Dkt. No. 24, pp. 2-3 (Apple's quotation of *Summit*, 639 F.2d at 1282) | *Summit*, 639 F.2d at 1282 (Apple's omissions emphasized) |
|---|---|
| "[W]here a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation" | "*Rather, we hold only that* where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation *by substituting new plaintiffs, a new class, and a new cause of action.*" |

Besides misreading the only caselaw it relies on, Apple's conclusion is flawed for an additional reason: Even if Ericsson's original complaint was defective as Apple claims, a "complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction." *E.g.*, *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1070 (5th Cir. 1981). Further, the claims in Ericsson's amended complaint relate back under Rule 15(c), as the two additional claims arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B); *see* Dkt. No. 18-1. So, "even if the court lacked jurisdiction over the original complaint," Ericsson's amended claims are "given retroactive effect to the date the original complaint was filed." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, No. 4:09-CV-2556, 2012 WL 12893404, at *2-3 (S.D. Tex. Sept. 27, 2012); *Sessions*, 648 F.2d at 1070 (court had jurisdiction over amended complaint asserting Title VII claim even though original complaint asserted only a § 1981 claim, which was jurisdictionally barred under the Eleventh Amendment); *see also Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 342 & n.3 (5th Cir. 2005) (explaining that even if original claims had "a jurisdiction defect," that defect was "cured" due to the relation back of the amended complaint).[2]

### B.     Leave to Amend is Freely Given, and Apple Points to No Exception Here

Consistent with Rule 15, Ericsson seeks leave to file an amended complaint against Apple that adds two causes of action for Apple's breach of its FRAND commitment and breach of its duty to negotiate in good faith. Dkt. No. 18-1, ¶¶ 74-94. And because Ericsson's motion does not

---

[2] Apple's argument is flawed for another, independent reason: The Court always maintained diversity jurisdiction over this action. *See N. Cypress*, 2012 WL 12893404, at *2 (holding alternatively that even though original ERISA claim was dismissed for lack of Article III standing, because the court maintained diversity or supplemental jurisdiction at all times, it was able to allow amendments and rule on the merits of the amended complaints).

3

require modification of a scheduling order, the liberal Rule 15 standard, which "*requires* courts" to freely give leave to amend in the interests of justice, governs. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (emphasis in original). While Apple opposes leave, it does not provide a "substantial reason" to deny leave as it must. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

Ericsson brought this amendment ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Cf. Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981) (reversing denial of leave to amend and explaining that even a 41-day delay in bringing amendment is reasonable).[3] There is no docket control order in this case, discovery has not yet begun, and the Court has not issued any substantive rulings. Ericsson's request comes so early in the case that, had a docket control order been entered, Ericsson likely would have been able to file its amended complaint without seeking leave of Court under this Court's standard practice.

Still, Apple argues that Ericsson seeks to amend its complaint in bad faith. Not so. Apple makes much ado about the very existence of Ericsson's motion for leave as somehow evincing a "pre-planned tactic" to "repair[] [jurisdiction] through subsequent amendment," but Apple's argument is unsound. Dkt. No. 24, p. 4. Ericsson's amended complaint does not seek to "repair" jurisdiction or anything else. Ericsson's original claim—for a declaration that Ericsson complied with its FRAND commitment—did not need repairing. *See* Dkt. No. 26, p. 12. ▓▓▓▓▓▓▓

---

[3] Apple's attempt to paint this as a concession that Ericsson's original complaint does not present a justiciable dispute is unpersuasive. Ericsson has explained in detail how its original complaint is justiciable and how no contractual provision in the parties' 2015 License could have divested the Court of subject-matter jurisdiction. *See generally* Dkt. No. 19; Dkt. No. 26. Nothing about Ericsson amending its complaint ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ contradicts that fact.

4

As even a cursory review of Ericsson's amended complaint reveals, Ericsson seeks to add additional causes of action and additional remedies for Apple's breach of FRAND and breach of its duty to negotiate in good faith. *See generally* Dkt. No. 18-1.

While Apple tries to paint the routine act of adding claims in an amended complaint as "gamesmanship," Apple presents nothing more than charged rhetoric and insinuations in support of its argument. And the only cases Apple cites for support are inapposite. Dkt. No. 24, p. 4 (citing *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 141 (5th Cir. 1993) (amended claims not presented until nine months after the action was initiated); *Smith v. Chrysler Group*, No. 1:15-CV-218, 2016 WL 7743688, at *2-4 (E.D. Tex. Aug. 12, 2016) (denying untimely leave to amend governed by Rule 16 where plaintiff (1) did not even address the Rule 16 good-cause factors, and (2) proposed amendment was nothing more than a bad-faith attempt to circumvent an already-granted summary judgment)).[4] As Ericsson already has explained, if gamesmanship has been injected into this case, it is because Apple improperly filed counterclaims in a second-filed lawsuit in a transparent effort to speak first at trial as the plaintiff. *See* Dkt. No. 19, p. 7; Dkt. No. 26, p. 6; *Apple v. Ericsson*, 2:21-cv-460 (E.D. Tex.), Dkt. No. 14 (Ericsson's motion to dismiss the Apple action).[5]

## II.    CONCLUSION

For the forgoing reasons, Ericsson asks that the Court grant its motion for leave.

---

[4] Apple also says that the Court should "use the ripeness doctrine" to deny Ericsson's motion. Dkt. No. 24, p. 4. This is a non sequitur; Apple does not suggest that the claims Ericsson adds through amendment are unripe.

[5] Ericsson has done nothing to "undermine" or "evade" this Court's jurisdiction, and Apple's accusation is again divorced from the relief it seeks. *See Apple v. Ericsson*, 2:21-cv-460 (E.D. Tex.), Dkt. No. 19.

Dated: February 9, 2022

Theodore Stevenson, III (Lead Attorney)
Texas State Bar No. 19196650
ted.stevenson@alston.com
**ALSTON & BIRD**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3507
Facsimile: (214) 922-3899

Christine Woodin
Texas State Bar 24199951
cwoodin@hueston.com
**HUESTON HENNIGAN LLP**
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4099
Facsimile: (888) 775-0898

Respectfully Submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Blake Bailey
Texas State Bar No. 24069329
bbailey@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 9, 2022.

/s/ *Nicholas Mathews*
Nicholas Mathews