# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　Defendant. | Civil Action No. 2:21-cv-376 |

**APPLE INC.'S SUR-REPLY IN OPPOSITION TO ERICSSON'S MOTION
TO FILE A FIRST AMENDED COMPLAINT**

Try as it might, Ericsson still cannot change the inescapable fact that the 2015 License was in effect when it filed this case, rendering its claims unripe and unjusticiable in all circumstances. Nothing in Ericsson's reply or its amended complaint effects a different outcome.

The law does not allow Ericsson to assert additional claims within the subject matter jurisdiction of the court to remedy a complaint that is jurisdictionally deficient, as Ericsson argues. ECF 30 at 3. Supplementing to bolster deficient jurisdictional allegations is one thing, but Ericsson cannot amend to create subject matter jurisdiction when none existed to start. And Ericsson's new "relation-back" argument neither has merit nor is procedurally proper having been raised for the first time in reply. ECF 30 at 3.

And without engaging the caselaw, Ericsson also argues that Apple must show undue delay by Ericsson to show that Ericsson has litigated in bad faith. ECF 30 at 4-5. But bad faith and undue delay, however, are independent factors, and each may lead to a denial of a motion to amend.

## ARGUMENT

I. **Leave to Amend Should Be Denied Because the Court Lacks Jurisdiction Over the Original Claim and Because the Amended Claims Cannot Relate Back to the Time of the Original Complaint.**

Ericsson tries to distinguish Apple's cited cases because "[i]n every case Apple cites, the original plaintiff *lacked subject-matter jurisdiction under any set of facts* and sought to correct that defect by substituting in a different plaintiff who would ostensibly fix the jurisdictional defect and continue prosecuting the action." ECF 30 at 2 (emphasis added). But this distinction fails. Just like the plaintiffs in Apple's cited cases, Ericsson, when it filed its original complaint, "lacked subject-matter jurisdiction under any set of facts," *id.*, for its FRAND claims because the 2015 License agreement remained in force and effect. Thus Ericsson's complaint should suffer the same fate as the plaintiffs in Apple's cited cases who were not allowed to manipulate the litigation by asserting new causes of action where they never had standing in the first place. *See Boelens v.*

*Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (denying plaintiff's motion to amend to assert a statutory basis for federal jurisdiction because motion "seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction"); *DePass v. Par. of Jefferson (In re Katrina Canal Breaches Litig.)*, 342 F. App'x 928, 931 (5th Cir. 2009) (federal tort claims added in second amended complaint "cannot be relied upon to establish subject matter jurisdiction because while a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, amendment may not create subject matter jurisdiction when none exists"). Rule 15 does "not allow a party to amend to create jurisdiction where none actually existed." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989).

*Sessions v. Rusk State Hosp.*, 648 F.2d 1066 (5th Cir. 1981), and *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, No. 4:09-CV-2556, 2012 WL 12893404 (S.D. Tex. Sept. 27, 2012), do not support the conclusion that a plaintiff is permitted to add claims to cure jurisdictional defects in an original complaint. ECF 30 at 3. In both cases, unlike here, the plaintiffs could have properly filed their amended claims at the outset of the case, and so it was uncontroversial that the courts gave those claims retroactive effect. Indeed, the *Cigna* court noted that a plaintiff like Ericsson (which could not have brought its FRAND claims at the outset of the action) is not intended to benefit from the line of cases. *See Cigna Healthcare*, 2012 WL 12893404 at *3 ("[*Summit Off. Park, Inc. v. U.S. Steel Corp.,* 639 F.2d 1278 (5th Cir. 1981)] was intended to prevent plaintiffs from circumventing the proper procedure of filing a new complaint … when a plaintiff has no claim it could properly assert from their original complaint.").

Ericsson's new argument that the amended claims relate back to the original complaint (ECF 30 at 3) also fails procedurally and on the merits. It is "black-letter law" that arguments like

this one, raised for the first time in a reply brief, "are waived as a matter of litigation fairness and procedure." *Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 WL 6728446, at *8 n.10 (E.D. Tex. Dec. 11, 2019) (quotations omitted) (Gilstrap, J.); *see also Pemex Exploracion y Produccion v. BASF Corp.*, No. H-10-1997, 2013 U.S. Dist. LEXIS 144166, at *240 n. 92 (S.D. Tex. Sept. 30, 2013) (refusing to consider relation back argument "raised for the first time in defendant's reply brief").

In any event, Ericsson's amended claims do not relate back to the original complaint. An amended claim cannot relate back to a time when the court lacked subject matter jurisdiction. *See Reynolds v. United States*, 748 F.2d 291, 293 (5th Cir. 1984) ("amended complaint was … properly dismissed for lack of subject matter jurisdiction" where it could only relate back to a "date the court lacked subject matter jurisdiction"); *White v. Louisiana*, No. 98-30473, 1999 U.S. App. LEXIS 41053, at *5 (5th Cir. Apr. 9, 1999) (denying motion to amend as "futile" because the "amended complaint could only relate back to a date on which the court lacked jurisdiction"). Here, the court never had jurisdiction over Ericsson's original claims, so Ericsson's amended claims cannot "relate back" to them as a matter of law. Moreover, the proposed amended claims cannot relate back because at the time of the original complaint, the Court would have lacked jurisdiction over the proposed amended claims due to the 2015 License. Ericsson is not prejudiced here; it may bring its FRAND claims as counterclaims in Apple's procedurally proper case.

**II.    Leave to Amend Should Be Denied Because of Ericsson's Gamesmanship.**

Even if the Court concludes it has jurisdiction, it should nonetheless deny Ericsson's motion to amend because of Ericsson's gamesmanship. Ericsson does not hide the fact that it is using the amendment process as a tactic to claim a first-filed case posture. Ericsson filed the original jurisdictionally-deficient complaint well before the 2015 License expired seeking an

advisory declaration. After the 2015 License expired, Ericsson moved to amend the complaint with causes of action seeking actual remedies. ECF 30 at 4-5 ("Simply put, some claims (such as a claim that Apple breached FRAND) were barred while the 2015 License was in force…. Ericsson seeks to add additional causes of action and additional remedies for Apple's breach of FRAND and breach of its duty to negotiate in good faith."). Incredibly, Ericsson is not only seeking to add claims to a case in which the Court had no original jurisdiction, but also to have those claims relate back to a date on which the Court would have lacked jurisdiction over the amended claims.

Such tactical maneuvers to gain an improper litigation advantage are a proper basis to deny a motion to amend. *See, e.g., Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 142-43 (5th Cir. 1993); *Smith v. Chrysler Grp., LLC*, No. 1:15-CV-218, 2016 U.S. Dist. LEXIS 182669, at *9-11 (E.D. Tex. Aug. 12, 2016). Ericsson misreads the caselaw in arguing that the Court must find undue delay in addition to bad faith before denying a motion to amend. Bad faith and undue delay each may provide an independent basis for denying a motion to amend. *See Anokwuru v. City of Hous.*, 990 F.3d 956, 966 (5th Cir. 2021) (in denying a motion to amend, the court "***may consider*** a variety of factors including undue delay, bad faith, ***or*** dilatory motive on the part of the movant") (emphases added); *Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 799 (9th Cir. 2001) (affirming denial of motion to amend for bad-faith litigation tactics and finding undue delay as an "independent ground for denial of the motion").

The effects of Ericsson's gamesmanship are tangible. Ericsson could not under any set of facts bring its FRAND claims against Apple on October 4, 2021 because of the 2015 License, and is now attempting to use the amendment process to obtain a filing date to which it is not entitled. Indeed, Ericsson is now making a belated argument seeking to have its FRAND claims relate back as a matter of law to a date when they were barred from consideration because the 2015 License

was in full force and effect at the time. This shows bad faith and provides sufficient basis for this Court to deny leave to amend.

## CONCLUSION

Apple respectfully requests the Court deny Ericsson's motion for leave to amend, and dismiss Ericsson's complaint.

DATED: February 16, 2022

Ruffin Cordell
cordell@fr.com
State Bar No. 04820550
FISH & RICHARDSON P.C.
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
State Bar No. 24055443
elacqua@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Betty Chen
State Bar No. 24056720
bchen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000


Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real #400
Palo Alto, CA 94306
Telephone: 650-858-6000
Facsimile:  650-858-6100

**Attorneys for Plaintiff Apple Inc.**

- 6 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this February 16, 2022.

*/s/ Melissa R. Smith*
Melissa R. Smith