**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>*Plaintiffs,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant.* | § § § § § § § § § § § § § | CIVIL ACTION NO.  2:21-CV-00376-JRG |
| APPLE INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON INC.,<br><br>*Defendants.* | § § § § § § § § § § § | CIVIL ACTION NO.  2:21-CV-00460-JRG |

**ORDER**

Before the Court are Apple Inc.'s ("Apple") Motion to Dismiss Ericsson Inc. and Telefonaktiebolaget LM Ericsson's (collectively, "Ericsson") Complaint (Dkt. No. 7) ("Apple's Motion to Dismiss") and Ericsson's Motion for Leave to File its First Amended Complaint (Dkt. No. 18) ("Ericsson's Motion for Leave"), both filed in Case No. 2:21-cv-00376 (the "-376 action"). Also before the Court is Ericsson's Motion to Dismiss or, in the Alternative, to Sever and Consolidate Apple's Complaint (Dkt. No. 14) ("Ericsson's Motion to Dismiss"), filed in Case No. 2:21-cv-460 (the "-460 action"). For the reasons set forth below, Apple's Motion to Dismiss,

1

Ericsson's Motion for Leave, and Ericsson's Motion to Dismiss are addressed and resolved by the Court as follows:

# I. BACKGROUND

Ericsson develops and sells cellular infrastructure equipment such as base stations and cell tower equipment. (-376 action, Dkt. No. 1, ¶2.) Ericsson holds thousands of patents worldwide that are "essential to the telecommunications standards" such as 2G, 3G, 4G, LTE, and 5G. (*Id*. ¶4.) Apple is the largest smartphone manufacturer in the United States and requires a license to many of Ericsson's standard essential patents ("SEPs"). (*Id*. ¶7.)

In December 2015, Ericsson and Apple entered into a cross-license (the "2015 License") that covered "patents relating to both companies' standard-essential patents" and resolved all then-pending patent infringement litigation between the parties. (-460 action, Dkt. No. 2, ¶51.) The 2015 License contains a "No FRAND Challenges" provision that prohibits either party from filing a complaint "that asserts that the other Party's licensing activities or this Agreement violates the other Party's FRAND commitments or obligations." (*Id*. ¶57.) The 2015 License expired on January 14, 2022. (*Id*. ¶58.)

Ericsson filed a Complaint against Apple on October 4, 2021. (-376 action, Dkt. No. 1.) In its Complaint, Ericsson seeks a "declaration that it has complied with its contractual commitment to the European Telecommunications Standards Institute (ETSI) that it is prepared to grant licenses to its essential patents on terms that are fair, reasonable and non-discriminatory (FRAND)." (*Id*. ¶1.) Ericsson alleges that, on March 7, 2017, it announced 5G "multimode royalty rates" upon which it was prepared to grant licenses to the industry on its SEPs. (*Id*. ¶13.) Ericsson further alleges that "Apple chose to incorporate Ericsson's patented solutions knowing Ericsson's announced rates," but during cross-license negotiations in 2020 (with a view towards the

2

expiration of the 2015 License), Apple "disputed whether Ericsson's 5G multimode royalty rates and its licensing practices comply with Ericsson's FRAND Commitment" and has also disputed "Ericsson's compliance with the ETSI IPR Policy." (*Id*. ¶¶52, 63–64.)

Apple filed its Complaint against Ericsson on December 17, 2021. (-460 action, Dkt. No. 2.) In its Complaint, Apple seeks a declaration that Ericsson has breached (1) the 2015 License, (2) its obligation to offer FRAND terms for a new license, and (3) its duty of good faith. (*Id*. ¶¶5, 119–124, Counts I–III.) Apple also seeks "a binding judicial determination of FRAND terms for Apple to license Ericsson's SEPs globally, including by reference to the terms previously agreed upon by the parties in [the 2015 License]." (*Id*. ¶5, Count IV.) Further, Apple seeks a "declaration that certain of Ericsson's claimed SEPs are simply not infringed and not essential, and that no royalties need to be paid on those patents." (*Id*. ¶6, Counts V–VII.) The identified patents at issue in Counts V–VII are directed to 5G technology. (*Id*. ¶¶97–105.)

## II. DISCUSSION

### a. Apple's Motion to Dismiss

#### i. Procedural Posture and the Parties' Positions

Apple moved to dismiss Ericsson's Complaint on December 17, 2021, the same day it filed its Complaint against Ericsson. (-376 action, Dkt. No. 7.) Apple contends that Ericsson's claim is not ripe for adjudication for two reasons. (*Id*. at 8.) First, Apple argues that Ericsson's Complaint was premature because it was filed while the 2015 License was still in effect. (*Id*. at 1.) Ericsson's Complaint was filed on October 4, 2021, and the 2015 License expired on January 14, 2022. (*Id*. at 4.)

Next, Apple alleges that the 2015 License "specifically prohibits either party from alleging that the other has breached its FRAND commitments." (*Id*.) Apple characterizes Ericsson's

Complaint as one directed to a breach of FRAND claim, which, according to Apple, is itself a breach of the 2015 License. (*Id*. at 9.) For these reasons, Apple claims that Ericsson's Complaint is not ripe for adjudication because subject matter jurisdiction did not exist at the time of filing suit, at which time the 2015 License was still in effect. (*Id*. at 9–10.)

Apple argues alternatively that, should Ericsson's claims not be barred by the 2015 License, Ericsson fails to allege the existence of a case or controversy and seeks an advisory opinion. (*Id*. at 10.) Apple cites as a purported basis for Ericsson's Complaint a FRAND statement on Apple's website that never mentioned Ericsson, but rather states Apple's generic views on FRAND. (*Id*. at 10–11.) Apple also notes that Ericsson's Complaint fails to "allege that Apple ever rejected a license offer from Ericsson" and goes on to state that Ericsson's commercial offer only came to Apple on October 4, 2021—the same day Ericsson filed its Complaint. (*Id*. at 12.)

In sum, Apple contends that Ericsson's Complaint was an improper attempt by Ericsson to "have the first-filed case in any litigation between the parties" and was brought in breach of the 2015 License. (*Id*. at 13; *see also id*. at 15 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir. 1994) (in deciding whether to exercise discretion over declaratory judgment action, the court should consider, among other factors, "whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist")).)

Ericsson responds that Apple conceded the existence of a justiciable controversy when it filed a "mirror-image, breach-of-FRAND suit against Ericsson" (*i.e.*, the -460 action) on the same day Apple filed its Motion to Dismiss in the -376 action. (Dkt. No. 19 at 1.) Ericsson also argues that the 2015 License does not prevent Ericsson from filing suit because "Ericsson's FRAND claim arises from the negotiations for a *new* 5G license" which the parties have not yet executed. (*Id*. at 2) (emphasis in original). Specifically, Ericsson argues that the 2015 License covered SEPs for

2G, 3G, and 4G technology, but not for the new 5G standard, because that standard had yet to be adopted. (*Id*. at 3.)

Ericsson further argues that its Complaint "did not assert that Apple breached FRAND," but rather asks for a "declaration that Ericsson *complied with FRAND*." (*Id*. at 2–3) (emphasis in original). Ericsson contends that the "No FRAND Challenges" clause of the 2015 License only prevented one party from challenging the other party's FRAND compliance—not seeking a declaration as to its own compliance. (*Id*. at 3.)

Ericsson states that it filed suit because "Apple uses Ericsson's 4G and 5G technology, publicly stated that the licensing policies underlying Ericsson's *ex ante* 5G rates do not comply with FRAND, would not concede to the essentiality, validity, or enforceability of any of the Ericsson 4G and 5G claim charts exchanged during negotiations, and clearly and unequivocally rejected Ericsson's longstanding offer to license its 5G SEPs" at the announced rates. (*Id*. at 5.) Ericsson contends that a controversy exists because the parties took "adverse positions—both publicly and in technical negotiations—with respect to Ericsson's existing FRAND obligations and the essentiality and value" of Ericsson's SEPs. (*Id*. at 7.) These issues, according to Ericsson, are of sufficient immediacy to warrant declaratory judgment because the -376 action was filed during ongoing licensing negotiations on Ericsson's SEPs related to the 5G standard, a license which Apple has not yet taken. (*Id*. at 8, 13.)

Ericsson also notes that, before the expiration of the 2015 License, Apple filed its own standalone suit in this District (*i.e.*, the -460 action) alleging that Ericsson's offer "*is not FRAND*." (*Id*. at 6) (emphasis in original). This, according to Ericsson, is "confirm[ation]" that a case or controversy exists between the parties. (*Id*.) Ericsson also requests, if the -460 action is not

dismissed as it urges, that Counts I–IV of the -460 action be severed and consolidated with the -376 action. (*Id*. at 2, n.2.)

In its reply, Apple argues that Ericsson's Complaint was a "transparent attempt to have the first-filed case" and that Ericsson now seeks to "repair" that case through amendment of its Complaint. (Dkt. No. 23 at 1.) In contrast, Apple argues that its own case (i.e., the -460 action) is procedurally proper and contends that any FRAND claims against Apple should be filed as counterclaims by Ericsson in the -460 action. (*Id*.)

### ii.    Analysis

"A district court has the inherent power to control its own docket." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd*., 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). "How to best manage the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc*., 2021 WL 121154, at *1 (E.D. Tex. Jan. 13, 2021) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936)). In considering a motion such as this, the Court undertakes its analysis by considering the practical realities and the unique facts and circumstances of each individual case. *Id*.

The Fifth Circuit applies the *Orix* test when determining declaratory judgment jurisdiction. *See Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). In applying the *Orix* test, the Court determines: (1) whether the declaratory action is justiciable; (2) whether the Court has authority to grant declaratory relief; and (3) whether to exercise its discretion to decide to dismiss the action. (*Id*.) A case is justiciable when it is "definite and concrete" and "real and substantial." *Frye v. Anadarko Petroleum Corp*., 953 F.3d 285, 294 (5th Cir. 2019). Here, the Court finds that Ericsson has alleged a justiciable case or controversy. Ericsson has sufficiently alleged that Ericsson and Apple took adverse positions during their license negotiations as to whether Ericsson

6

met its FRAND obligations. (Dkt. No. 1 at ¶¶52-56, -376 action; *see also* Dkt. No. 19 at 7 (citing *Frye*, 953 F.3d at 294 (finding that a dispute is "definite and concrete" where "the parties had taken adverse positions with respect to their existing obligations."))).) Moreover, the question of whether Ericsson complied with its FRAND obligations was not specifically prohibited by the 2015 License.

In deciding whether to decide or dismiss a declaratory action, the Court looks to the *Trejo* factors.[1] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389–90 (5th Cir. 2003) (citing *Trejo*, 39 F.3d 585). These factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

(*Id*.) Here, the relevant factors favor this Court deciding the declaratory judgment action. Specifically, the -460 action is also pending before this Court in parallel with the -376 action, which strongly implicates the "judicial economy" factor (factor 6). Moreover, the fact that both parties filed suit in this District confirms that this Court is a "convenient forum for the parties and witnesses."

---

[1] The Court notes that the parties failed to brief all *Trejo* factors. *See also Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389–90 (5th Cir. 2003) (citing *Trejo*, 39 F.3d 585).

### b. Ericsson's Motion for Leave to Amend

#### i.    Procedural Posture and the Parties' Positions

Ericsson requests leave to file a First Amended Complaint in the -376 action. (Dkt. No. 18.) Ericsson seeks to assert additional claims against Apple for breach of FRAND and breach of the duty to negotiate in good faith. (*Id.* at 1.) Ericsson contends that it did not file these claims in its original Complaint because it was barred from doing so under the terms of the 2015 License, which prohibited "one party from accusing the other party of violating FRAND" during the license term. (*Id.*) Thus, Ericsson waited until the 2015 License expired to seek leave to assert those claims. (*Id.*)

Apple argues that Ericsson's original claim was deficient, and its request to amend is premature and "part of a tactic to secure a litigation advantage" by "breaching an in-force contract between the parties." (Dkt. No. 24 at 1.) Further, Apple contends that Ericsson should bring its amended claims as compulsory counterclaims in the -460 action. (*Id.*)

Ericsson responds that the requested amendment does not amount to gamesmanship because Ericsson filed its Motion for Leave one day after the 2015 License expired. (Dkt. No. 30 at 4.) Moreover, Ericsson argues that its original Complaint in the -376 action could properly stand on its own and did not need "repairing," as Apple contends. (*Id.*)

Apple finally argues that Ericsson's proposed amendments should be denied because they do not relate back to the original Complaint, alleging that an "amended claim cannot relate back to a time when the court lacked subject matter jurisdiction," which, according to Apple, was true given the term of the 2015 License. (Dkt. No. 33 at 3.)

#### ii.    Analysis

The Court finds that Ericsson should be given leave to amend its Complaint in the -376 action. Federal Rule of Civil Procedure 15(a) requires that courts freely give leave to amend when

justice so requires. Fed. R. Civ. P. 15(a)(2). Notwithstanding Apple's arguments, the Court sees no substantial reason to deny leave to amend, in this instance.

### c. Ericsson's Motion to Dismiss

#### i. Procedural Posture and the Parties' Positions

Ericsson moved to dismiss Apple's Complaint on January 17, 2022. (-460 action, Dkt. No. 14.) Ericsson first argues that Apple's FRAND claims (Counts I–IV) are compulsory counterclaims to Ericsson's first-filed action (*i.e.*, the -376 action) and thus should be severed and consolidated into the -376 action. (*Id*. at 1.) In light of Apple's opposition to the -376 action, Ericsson's Motion argues that Apple's filing of the -460 action was a "transparent" attempt to "reorient the parties" such that "Apple becomes the Plaintiff instead of Ericsson." (*Id*.) Specifically, Ericsson argues that "Apple moves to dismiss Ericsson's first-filed case for lack of case or controversy, while simultaneously filing this case asserting a case or controversy exists as to the related claim that forms the basis of Ericsson's previously filed case. Apple would thereby have the Court dismiss Ericsson's case and proceed forward with the same FRAND adjudication in this case in which Apple is aligned as the plaintiff." (*Id*.)

Ericsson argues that Federal Rule of Civil Procedure 13 mandates that a "party must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." (*Id*. at 9 (quoting Fed. R. Civ. P. 13).) Count I of Apple's Complaint alleges that Ericsson's Complaint in the -376 action was a breach of the parties' 2015 License. (Dkt. No. 14 at 7.) Counts II–III of Apple's Complaint argue that Ericsson breached its FRAND commitments and the duty of good faith. (*Id*.)

9

Ericsson argues, in passing, that Count I of Apple's Complaint (Ericsson's alleged breach of the 2015 License) should be dismissed for failure to state a claim. (Dkt. No. 14 at 12–14.) However, Ericsson does not develop this argument and thus has not met its burden to show that Apple failed to state a claim for Count I. (*See generally id.*)

Apple argues that Ericsson's Complaint in the -376 action was improper and should be dismissed, and further argues that only its Complaint in the -460 action was procedurally proper. (Dkt. No. 22 at 1.) Apple also argues that none of its claims are compulsory counterclaims in the -376 action because of Apple's pending Motion to Dismiss in the -376 action. (*Id*. at 5–9.) In essence, Apple is arguing that, because it believes its Motion to Dismiss in the -376 should be granted, Ericsson does not yet have a "claim" in that case to counter. (*Id*.) Apple additionally argues that to assert Apple's Counts I–IV in the -376 action would be to "reward" Ericsson's "gamesmanship" in filing an "unripe" claim in the -376 action. (*Id*. at 9.)

Ericsson also asserts that Apple's individual patent claims (Counts V–VII of Apple's Complaint) should remain in the -460 action and not be consolidated with the FRAND claims at issue in the -376 action. (Dkt. No. 14 at 14.) Ericsson argues that the patent infringement claims are properly addressed separately from the FRAND issues before the Court in the -376 action. Apple disagrees, arguing that "there is a significant evidentiary link between damages and FRAND determinations for patents within the same standard." (Dkt. No. 22 at 13.)

### ii.     Analysis

To determine whether a counterclaim is compulsory, the Court asks (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on a defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as

defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaims. *Park Club, Inc. v. Resolution Trust Corp*., 967 F.2d 1053, 1058 (5th Cir. 1992).

The Court agrees with Ericsson that Counts I–IV of Apple's Complaint are compulsory counterclaims to Ericsson's Complaint in the -376 action. Specifically, all the claims in Apple's Counts I–IV are directed to the same FRAND and 2015 License issues in dispute in the -376 action. Apple confirms as much by admitting that Count I of its Complaint in the -460 action, which alleges that Ericsson breached the 2015 License by filing the -376 action, was brought specifically in response to Ericsson's original Complaint. (*Id*. at 11.) The Court further agrees with Ericsson that Counts V–VII of Apple's Complaint—claims regarding individual patents—are best addressed in the -460 action and should not be tried with the FRAND claims at issue in the -376 action.

## III. CONCLUSION

Having considered Apple's Motion to Dismiss, Ericsson's Motion to Amend, and Ericsson's Motion to Dismiss, the Court **ORDERS** that Counts I–IV of Apple's Complaint in the -460 action are severed from Counts V–VII and merged into the -376 action.[2] Ericsson is the Plaintiff and Apple is the Defendant in the -376 action and Apple's Counts I–IV are designated as counterclaims in the -376 action. The -376 action will be governed by a concurrently filed Docket Control Order in the -376 action. Additionally, Ericsson's Motion for Leave (-376 action, Dkt. No. 18) is **GRANTED**.

Counts V–VII of Apple's Complaint regarding specific patents identified therein remain in the -460 action, in which Apple is the Plaintiff and Ericsson is the Defendant. Thus, Ericsson's

---

[2] The Court notes that the cases are not "consolidated" in the traditional case management sense, *i.e*., with one case designated as the "lead" and the other as a "member." Rather, the -376 action and -460 action will continue to be treated as two distinct cases on this Court's docket. Further, the consolidation imposed here by use of the term "merged" substantively moves those identified claims from the -460 action into the -376 action.

Motion to Dismiss (-460 action, Dkt. No. 14) is **GRANTED** as to the severance of Counts I–IV of Apple's Complaint and their merger and consolidation into the -376 action, but Ericsson's Motion is **DENIED AS MOOT** in all other respects. The -460 action will be governed by a concurrently filed Docket Control Order in the -460 action.

Finally, pursuant to agreement of the parties in Dkt. No. 45, the Court **ORDERS** the parties to mediate in both the -376 action and the -460 action as restructured herein promptly and at a mutually agreeable date, but no later than forty-five (45) days from the date of this Order. The mediation shall be conducted by the Hon. David Folsom, 6002-B Summerfield Drive, Texarkana, Texas 75503, dfolsom@jw.com. To ensure that mediation is as productive as possible, the Court hereby **ORDERS** that each party shall personally attend such mediation with lead counsel, local counsel, and a representative who has full and unilateral authority to act on and compromise all pending disputes. No party or representative shall leave the mediation session, once it begins, without the approval of the mediator. The district's applicable local rules shall otherwise govern and apply in all respects.

In summary, and for purposes of added clarity, the Court **ORDERS** as follows:

- Apple's Motion to Dismiss (-376 action, Dkt. No. 7) is **DENIED**;
- Ericsson's Motion for Leave to Amend (-376 action, Dkt. No. 18) is **GRANTED**;
- Ericsson's Motion to Dismiss (-460 action, Dkt. No. 14) is **GRANTED** as to the severance of Counts I–IV from Apple's Complaint and the subsequent merger and consolidation of such Counts as part of the -376 action, but Ericsson's Motion to Dismiss is **DENIED AS MOOT** in all other respects;
- Hereafter, the -376 action shall go forward with Ericsson designated as plaintiff and counter-defendant and with Apple as defendant and counter-plaintiff, as discussed above;
- Hereafter, the -460 action shall go forward as to Apple's Counts V-VII alone with Apple designated as plaintiff and Ericsson designated as defendant;
- Separate docket control orders, entered in each case, shall govern and control their subsequent development and trial; and

- Any other relief requested by either Apple or Ericsson within Apple's Motion to Dismiss, Ericsson's Motion for Leave, and Ericsson's Motion to Dismiss which has not been granted is **DENIED**.

- Mediation is **ORDERED** as to both cases as set forth herein.

**So ORDERED and SIGNED this 23rd day of March, 2022.**

_____

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

13