# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No. 2:21-cv-376 |

## ERICSSON'S ANSWER AND AFFIRMATIVE DEFENSES TO APPLE INC.'S COUNTERCLAIMS

Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively "Ericsson"), by and through the undersigned attorneys, for their Answer and Affirmative Defenses ("Answer") to Apple Inc.'s ("Apple") counterclaims filed in this action on March 23, 2022 ("Counterclaims"), admit and deny as follows.[1] Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Ericsson denies each and every allegation, matter, or thing contained in the Counterclaims. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

---

[1] Apple filed the Counterclaims as a complaint against Ericsson in a separate cause number on December 17, 2021. *See Apple Inc. v. Telefonaktiebolaget LM Ericsson et al.*, 2:21-cv-00460-JRG (E.D. Tex.), Dkt. No. 2. As this Court ordered on March 23, 2022, Counts I–IV of Apple's complaint was severed from the -460 action and merged with the -376 action and are designated as counterclaims in the -376 action. *See Telefonaktiebolaget LM Ericsson et al. v. Apple Inc.*, 2:21-cv-00376-JRG (E.D. Tex.), Dkt. No. 46, pp. 11-12. Ericsson will address Apple's Counts V–VII from its December 17 complaint, which remain in the -460 action, in a separate answer filed in the -460 action.

1

## INTRODUCTION

1. Ericsson admits that in December 2015, Apple and Ericsson signed a license agreement. Except as expressly admitted, denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

## PARTIES

7. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies them.

8. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies them.

9. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

10. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies them.

11. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies them.

12. Ericsson admits that it is a manufacturer of 5G base stations and other equipment used by cellular service providers, that AT&T, Verizon, T-Mobile, and U.S. Cellular are cellular service providers, and that various Apple products can send and receive, over cellular networks,

telephone calls and/or other voice and video communications, text messages, and Internet data. Except as expressly admitted, denied.

13. Ericsson admits that Telefonaktiebolaget LM Ericsson is a corporation organized and existing under the laws of Sweden with a principal place of business at Torshamnsgatan 21, Kista, Stockholm, 164 83, Sweden.

14. Ericsson admits that Ericsson Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 6300 Legacy Drive, Plano, Texas 75024. Ericsson Inc. is a Delaware corporation that is wholly-owned by Ericsson Holding II Inc., which is also a Delaware corporation. Ericsson Holding II Inc. is wholly-owned by Telefonaktiebolaget LM Ericsson.   Except as expressly admitted, denied.

15. Ericsson admits that it formerly manufactured handsets.  Except as expressly admitted, denied.

16. Ericsson admits that it was formerly in the handset business through a joint venture. Except as expressly admitted, denied.

17. Ericsson admits that its business includes network infrastructure equipment and that it licenses its patents.  Ericsson admits that in 2020, it had over 100 signed license agreements and over $1 billion in licensing revenue. Except as expressly admitted, denied.

## JURISDICTION

18. Ericsson does not dispute that this Court has subject-matter jurisdiction over Apple's claims for breach of contract, but denies that Apple is entitled to any relief.  Except as expressly admitted, denied.

19. Ericsson does not dispute that this Court has diversity jurisdiction over this matter. Except as expressly admitted, denied.

20. Ericsson does not dispute that venue is proper in this District and admits that Ericsson Inc. resides in this District.  Except as expressly admitted, denied.

21. Ericsson does not dispute that Ericsson has consented to personal jurisdiction in this District in this case.  Except as expressly admitted, denied.

22. Admitted

23. Ericsson admits that Apple purports to quote from a linked document.  Except as expressly admitted, denied.

24. Ericsson admits that Apple purports to quote from a linked document.  Except as expressly admitted, denied.

25. Ericsson admits that it does business in Texas.  Except as expressly admitted, denied.

26. Ericsson admits that Ericsson licensing executives based in Texas have negotiated with Apple about Ericsson's SEPs.  Except as expressly admitted, denied.

## BACKGROUND

### A.   ETSI and its Intellectual Property Rights Policy

27. Ericsson admits that the European Telecommunications Standards Institute ("ETSI") is an independent, non-profit standard-setting organization ("SSO") that produces globally-accepted standards for the telecommunications industry. Ericsson admits that ETSI has more than 900 members from 65 countries across five continents. Ericsson admits that ETSI and its members have helped to create many telecommunication standards, including the 2G GSM, 3G WCDMA/UMTS, 4G LTE, and 5G NR cellular communication standards.  Except as expressly admitted, denied.

28. Ericsson admits that ETSI is one of the 7 organizational partners in 3GPP. Ericsson admits that ATIS is a United States based organizational partner of ETSI. Except as expressly admitted, denied.

29. Ericsson admits that Apple purports to quote from 3GPP's IPR Policy. Except as expressly admitted, denied.

30. Admitted.

31. Ericsson admits that standards are beneficial to consumers and that one benefit of standardization is that devices made by one company can communicate with devices made by other companies. Except as expressly admitted, denied.

32. Denied.

33. Ericsson admits that some SSOs have adopted IPR policies. Except as expressly admitted, denied.

34. Ericsson admits that ETSI has adopted an IPR Policy, incorporated as Annex 6 of the ETSI Rules of Procedure. Ericsson admits that the ETSI IPR Policy is governed by the laws of France and that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

35. Ericsson admits that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

36. Ericsson admits that the ETSI IPR Policy is a voluntary undertaking and that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

37. Ericsson admits that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

38. Ericsson admits that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

39. Ericsson admits that the ETSI IPR Policy provides that: "As long as the requested undertaking of the IPR owner is not granted, the COMMITTEE Chairs should, if appropriate, in consultation with the ETSI Secretariat use their judgment as to whether or not the COMMITTEE should suspend work on the relevant parts of the STANDARD or TECHNICAL SPECIFICATION until the matter has been resolved and/or submit for approval any relevant STANDARD or TECHNICAL SPECIFICATION." Except as expressly admitted, denied.

40. Ericsson admits that Appendix A to the ETSI IPR Policy provides IPR Declaration forms and that Apple purports to quote from the ETSI IPR Policy. Except as expressly admitted, denied.

41. Denied.

42. Denied.

43. Ericsson admits that Apple purports to quote from briefing in *Ericsson Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-380-JRG. Except as expressly admitted, denied.

**B.     Apple's Alleged Cellular SEP Licensing Program**

44. Denied.

45. Denied.

46. Ericsson admits that Apple's so-called "FRAND principles" are found on its website at https://www.apple.com/legal/intellectual-property/frand/ and that Apple purports to quote from this website, but Ericsson denies that these "principles" are in accordance with FRAND. Except as expressly admitted, denied.

## C.     Ericsson's SEP Licensing Program

47.     Ericsson admits that it has a portfolio of SEPs that are essential to the cellular standards and that Ericsson has made voluntary commitments to license its SEPs on FRAND terms. Except as expressly admitted, denied.

48.     Ericsson admits that Apple purports to quote from a 2002 press release. Except as expressly admitted, denied.

49.     Ericsson admits that Apple purports to quote from a 2007 earnings call. Except as expressly admitted, denied.

50.     Ericsson admits that Apple purports to quote from multiple documents. Except as expressly admitted, denied.

## D.     Apple and Ericsson's 2015 License

51.     Ericsson admits that Apple purports to quote from a December 21, 2015 press release announcing a license with Apple. Except as expressly admitted, denied.

52.     Ericsson admits that Apple purports to quote from a 2015 press release. Except as expressly admitted, denied.

53.     Ericsson admits that Apple purports to quote from the parties' 2015 License. Except as expressly admitted, denied.

54.     Denied.

55.     Ericsson admits that Apple purports to quote from the parties' 2015 License. Except as expressly admitted, denied.

56.     Ericsson admits that Apple did not grant Ericsson a covenant not to sue on Patents excluding Licensed Patents. Except as expressly admitted, denied.

57. Ericsson admits that Apple purports to quote from the parties' 2015 License, but denies its characterization of the effect of the quoted section. Except as expressly admitted, denied.

58. Ericsson admits that Apple purports to quote from the parties' 2015 License. Except as expressly admitted, denied.

59. Ericsson admits that Apple purports to quote from the parties' 2015 License. Except as expressly admitted, denied.

60. Ericsson admits that Apple attempts to characterize the payment terms of the 2015 License and that Apple paid Ericsson under the 2015 License. Except as expressly admitted, denied.

E. **Apple and Ericsson's Discussions of a New License and Ensuing Litigation**

61. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis denies them.

62. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis denies them.

63. Denied.

64. Ericsson admits that it reached out to Apple in late 2020 to begin negotiations for a new license agreement in advance of the 2015 License's expiration. Ericsson denies Apple is willing to take a license on FRAND terms. Except as expressly admitted, denied.

65. Ericsson admits that it and Apple agreed to negotiate for a non-disclosure agreement in the license negotiations. Except as expressly admitted, denied.

66. Ericsson admits that Apple emailed Ericsson on June 9, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

67. Ericsson admits that it sent Apple and email on June 18, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

68. Ericsson admits that Apple emailed Ericsson on June 25, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

69. Ericsson admits that it sent Apple an email on July 2, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

70. Ericsson admits that Apple emailed Ericsson on July 13, 2021 and that the email speaks for itself. Except as expressly admitted, denied.

71. Ericsson admits that the parties exchanged claim charts on August 20, 2021. Ericsson admits that the parties met on September 21, 2021. Ericsson admits that the parties exchanged additional claim charts on September 27, 2021. Ericsson admits that the parties met on October 26, 2021. Ericsson admits that the parties exchanged additional claim charts on November 1, 2021. Ericsson admits that the parties met on November 30, 2021. Ericsson admits that Apple did not concede to the essentiality and value of the claim charts Ericsson provided. Except as expressly admitted, denied.

72. Ericsson admits that it emailed Apple on September 20, 2021, that the email speaks for itself, and that Apple purports to quote from this email. Except as expressly admitted, denied.

73. Ericsson admits that Apple sent Ericsson a letter on September 29, 2021 and that the letter speaks for itself. Except as expressly admitted, denied.

74. Ericsson admits that on September 29, 2021, it requested a defensive, anti-antisuit injunction from a court in the Netherlands. Except as expressly admitted, denied.

75. Ericsson admits that it emailed Apple on September 30, 2021, that the email speaks for itself, and that Apple purports to quote from this email. Except as expressly admitted, denied.

76. Ericsson admits that it emailed Apple on October 4, 2021, that the email speaks for itself, and that Apple purports to quote from this email. Except as expressly admitted, denied.

77. Ericsson admits that Ericsson filed a complaint against Apple in this Court at 4:31 p.m. Central Time, that the complaint speaks for itself, and that Apple purports to quote from Ericsson's complaint against Apple. Except as expressly admitted, denied.

78. Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple and that the complaint speaks for itself. Except as expressly admitted, denied.

79. Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple and that the complaint speaks for itself. Except as expressly admitted, denied.

80. Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple and that the complaint speaks for itself. Except as expressly admitted, denied.

81. Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple and that the complaint speaks for itself. Except as expressly admitted, denied.

82. Denied.

83. Ericsson admits that Apple purports to quote from Ericsson's complaint against Apple. Except as expressly admitted, denied.

84. Ericsson admits that on September 29, 2021, it requested a defensive, anti-antisuit injunction from a court in the Netherlands. Except as expressly admitted, denied.

85. Denied.

86. Ericsson admits that Apple purports to quote from a filing in the Dutch proceedings. Except as expressly admitted, denied.

87. Denied.

88. Denied.

89. Ericsson admits that Apple sent Ericsson an email on October 5, 2021 and that Ericsson sent Apple and email on October 5, 2021, that these emails speak for themselves, and that Apple purports to quote from these documents. Except as expressly admitted, denied.

90. Ericsson admits that Apple sent Ericsson a letter on October 10, 2021, that the letter speaks for itself, and that Apple purports to quote from that letter. Except as expressly admitted, denied.

91. Ericsson admits that Apple purports to quote from *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-cv-00243-JRG (E.D. Tex. June 4, 2018), Dkt. No. 89. Except as expressly admitted, denied.

92. Denied.

93. Ericsson admits that Apple sent Ericsson a letter on November 19, 2021 and that the letter speaks for itself. Except as expressly admitted, denied.

94. Ericsson admits that Apple sent Ericsson a letter on November 22, 2021 and that the letter speaks for itself. Except as expressly admitted, denied.

95. Ericsson admits that Apple sent Ericsson a letter on December 17, 2021 and that the letter speaks for itself. Except as expressly admitted, denied.

96. Ericsson admits that Apple purports to quote from cited documents. Except as expressly admitted, denied.

**F.    Three of Ericsson's 5G Patents**

97. Ericsson admits that it is the owner of U.S. Patent No. 10,374,768 ("'768 patent"), which is entitled "Efficient SRS Resource Indication Methods." Ericsson admits that the '768 patent lists Robert Mark Harrison, Sebastian Faxér, Andreas Nilsson, and Sven Petersson as inventors and lists Ericsson as the assignee. Except as expressly admitted, denied.

98. Ericsson admits that it has declared the '768 patent to ETSI as a patent that is or may become essential to the 5G standard and that Apple needs a license to the '768 patent. Except as expressly admitted, denied.

99. Denied.

100. Ericsson admits that it is the owner of U.S. Patent No. 10,644,724 ("'724 patent"), which is entitled "Shift Values For Quasi-cyclic LDPC Codes." Ericsson admits that the '724 patent lists Sara Sandberg, Mattias Andersson, and Yufei Blankenship as inventors and lists Ericsson as the assignee. Except as expressly admitted, denied.

101. Ericsson admits that it has declared the '724 patent to ETSI as a patent that is or may become essential to the 5G standard and that Apple needs a license to the '724 patent. Except as expressly admitted, denied.

102. Denied.

103. Ericsson admits that it is the owner of U.S. Patent No. 11,039,312 ("'312 patent"), which is entitled "Handling of Multiple Authentication Procedures in 5G." Ericsson admits that the '312 patent lists Vesa Lehtovirta, Noamen Ben Henda, David Castellanos Zamora, and Monica Wifvesson as inventors and lists Ericsson as the assignee. Except as expressly admitted, denied.

104. Ericsson admits that it has declared the '312 patent to ETSI as a patent that is or may become essential to the 5G standard and that Apple needs a license to the '312 patent. Except as expressly admitted, denied.

105. Denied.

## COUNT I
**(Alleged Breach of the 2015 License Agreement)**

106. Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

107. Ericsson admits that Apple purports to quote from the 2015 License. Except as expressly admitted, denied.

108. Ericsson admits that it filed a complaint in this Court on October 4, 2021. Except as expressly admitted, denied.

109. Ericsson admits that Apple purports to quote from a document. Except as expressly admitted, denied.

110. Denied.

## COUNT II
### (Alleged Breach of Ericsson's FRAND Contractual Commitments)

111. Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

112. Ericsson admits that it has entered into contractual commitments with ETSI. Except as expressly admitted, denied.

113. Denied.

114. Ericsson admits that it is obligated to offer a license to its essential patents to Apple on FRAND terms. Except as expressly admitted, denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

## COUNT III
### (Alleged Breach of Duty of Good Faith)

119. Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

120. Ericsson admits that it has entered into contractual commitments with ETSI. Except as expressly admitted, denied.

121. Denied.

122. Ericsson admits that its FRAND commitment is governed by French law. Except as expressly admitted, denied.

123. Denied.

124. Denied.

## COUNT IV
**(Declaration of FRAND Royalties for Ericsson's Global Cellular SEP Portfolio)**

125. Ericsson repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

126. Ericsson admits that it has entered into contractual commitments with ETSI. Except as expressly admitted, denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.[2]

## PRAYER FOR RELIEF

Ericsson denies that Apple is entitled to any relief in this action, as requested or otherwise.

## ERICSSON'S AFFIRMATIVE DEFENSES

---

[2] Ericsson does not answer Apple's Counts V-VII here. *See supra* note 1.

Subject to its responses above, and upon information and belief, Ericsson alleges and asserts the following defenses in response to the allegations of the Counterclaims. In addition to the defenses described below, Ericsson specifically reserves the right to allege additional defenses pursuant to any docket control order or that becomes known through the course of this action.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Apple fails to state a claim upon which relief can be granted because Apple has not alleged facts sufficient to prove one or more of the necessary elements of its causes of action.

### SECOND AFFIRMATIVE DEFENSE
### (Equitable Bars)

Apple's claims of are barred in whole or in part by the doctrines of waiver, estoppel, laches, acquiescence, and/or other equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Negotiate in Good Faith)

Apple has failed to negotiate with Ericsson in good faith towards a license to the parties' respective essential patents.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Apple's claims are barred by its failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy a Condition Precedent)

Apple's claims are barred by its failure to satisfy a condition precedent.

| | |
|---|---|
| Dated: April 6, 2022 | Respectfully Submitted, |
| Theodore Stevenson, III (Lead Attorney)<br>Texas State Bar No. 19196650<br>ted.stevenson@alston.com<br>**ALSTON & BIRD**<br>2200 Ross Avenue, Suite 2300<br>Dallas, TX 75201<br>Telephone: (214) 922-3507<br>Facsimile: (214) 922-3899<br><br>Bryan Lutz (*pro hac vice*)<br>Georgia Bar No. 915395<br>bryan.lutz@alston.com<br>**ALSTON & BIRD**<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>Telephone: 404-881-7000<br>Facsimile: 404-881-7777<br><br>Christine Woodin<br>Texas State Bar 24199951<br>cwoodin@hueston.com<br>**HUESTON HENNIGAN LLP**<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014<br>Telephone:(213) 788-4099<br>Facsimile: (888) 775-0898 | /s/ *Nicholas Mathews*<br>Nicholas Mathews<br>Texas State Bar No. 24085457<br>nmathews@McKoolSmith.com<br>Alexander Chern<br>Texas State Bar No. 24109718<br>achern@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Facsimile: (214) 978-4044<br><br>Blake Bailey<br>Texas State Bar No. 24069329<br>bbailey@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>600 Travis Street, Suite 7000<br>Houston, TX 77002<br>Telephone: (713) 485-7300<br>Telecopier: (713) 485-7344<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 E. Houston Street, Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Telecopier: (903) 923-9099<br><br>**ATTORNEYS FOR PLAINTIFFS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 6, 2022

/s/ *Nicholas Mathews*
Nicholas Mathews
