UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**APPLE INC.,**<br><br>*Defendant.* | Civil Action No. 2:21-cv-376 |
| **APPLE INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**TELEFONAKTIEBOLAGET LM ERICSSON AND ERICSSON INC.,**<br><br>*Defendants*. | Civil Action No. 2:21-cv-460 |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures**. In lieu of the disclosures required by Fed. R. Civ. P. 26(a)(1), each party shall disclose to every other party the following information within 30 days after the Scheduling Conference:

    (a)   the correct names of the parties to the lawsuit;

    (b)   the name, address, and telephone number of any potential parties;

1

  (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

  (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

  (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f) any settlement agreements relevant to the subject matter of this action; and

  (g) any statement of any party to the litigation.

 2. **Disclosure of Expert Testimony**.  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

 3. **Protective Orders**.  The Court will enter the parties' Agreed Protective Order.

4.	**Additional Disclosures**.  In addition to the disclosures required in Paragraph 1 of this Order, each party shall make the following disclosures to every other party without awaiting a discovery request:[1]

(a)	produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(b)	provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of the injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

5.	**Discovery Limitations**.  The discovery in this cause is limited to the disclosures described in Paragraphs 1-4 together with:

(a)	<u>Interrogatories</u>:  Each side may serve up to thirty (30) interrogatories.[2]  The parties agree that interrogatory responses need not be verified, but the parties agree that they may request that an interrogatory response(s) be verified if good cause exists.

(b)	<u>Requests for Admission</u>:  Each side may serve up to fifty (50) requests for admission.

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.
[2] Apple has proposed staying the -460 case.  Ericsson is evaluating Apple's request, and to the extent that the -460 case proceeds, the parties will work in good faith to negotiate additional interrogatories.

    (c) <u>Testifying Expert Witnesses</u>: Each side is entitled to up to five (5) testifying expert witnesses in the -376 case and up to five (5) testifying expert witnesses in the -460 case. Any party may move for an additional expert upon a showing of good cause.

    (d) <u>Depositions</u>: Each side shall be allowed up to 100 hours of party and non-party fact depositions in the -376 case.[3] These hour limits shall include the depositions of fact witnesses, Rule 30(b)(6) witnesses, and third-party witnesses, but does not include expert deposition time. To the extent an individual deponent is noticed for multiple cases between the parties or is reasonably expected to be noticed in multiple cases between the parties, the parties will work in good faith to limit the total number of depositions to one per deponent. Each deposition shall count for a minimum of three hours, even if the actual on-the-record time is shorter. The parties agree to cooperate in good faith to provide for additional deposition time upon a showing of good cause and by agreeing to this three-hour limitation, the parties do not waive their right to seek additional deposition time from the Court. The parties will be allowed up to 7 hours of expert depositions per expert per report. The parties shall act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses. All individual depositions shall be limited to seven hours in accordance with the Federal Rules of Civil Procedure.

  The parties agree that depositions may be taken remotely at the request of the witness or the taking attorney.

    (e) <u>Document Subpoenas and Depositions on Written Questions on Third-Parties</u>: The parties may serve a reasonable number of document and/or deposition subpoenas on

---

[3] Apple has proposed staying the -460 case. Ericsson is evaluating Apple's request, and to the extent that the -460 case proceeds, the parties will work in good faith to negotiate additional deposition time.

third-parties. The parties may also serve depositions upon written questions on third parties pursuant to Fed. R. Civ. P. 31, as well as depositions on written questions of custodians of business records for third parties. With respect to third party discovery, the parties agree to produce documents within seven (7) days of receipt of the documents from the third party. In addition, the parties agree to work with each other in good faith in scheduling third party depositions at mutually convenient dates and in good faith to schedule any third-party deposition at least seven (7) days after the party scheduling the deposition provides the other party with copies of any documents from that third party.

        (f)    <u>Reasonable Modifications</u>: The parties recognize that this proceeding is still in a preliminary stage and that discovery has not yet commenced. The limitations contained in this order may be modified by agreement of the parties subject to approval of the court or by motion to the court with the burden on the party seeking modification. Accordingly, the parties agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses. Furthermore, to the extent the parties are unable to reach agreement, any party may move to modify these limitations for good cause.

    6.    **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. The parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The privilege logs must be exchanged by the deadline set in the Docket Control Order. Any party may move the Court for an order compelling the production of any documents or information identified in any other party's

privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall also file with the Court, within 14 days of the filing of the motion to compel, any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.

No party need log any communications dated on or after October 4, 2021, or any communications between (a) the Party and its outside litigation counsel or (b) in-house legal counsel and non-inventor employees of the Party, concerning litigation of the patent portfolios of the Private Parties, the Asserted Patents, or Products-in-Issue.

The parties further agree that testifying expert's drafts reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify or offer an expert report. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

The parties agree that any inadvertent disclosure or production of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information

or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine (collectively, "Privileged Materials"), provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. The inadvertent production by a party of Discovery Material[1] subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the producing party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the producing party learns of its inadvertent production. No party will assert such a waiver, provided that the producing party provides written notice (or notice on the record if the producing party becomes aware of the inadvertent or unintentional disclosure at a deposition) to the receiving party promptly after discovery of such inadvertent production. Upon a request from any producing party that has inadvertently produced Discovery Material that it believes is privileged and/or protected, each receiving party shall immediately return such Privileged Materials or Discovery Material and all copies to the producing party, except for any pages containing privileged markings by the receiving party that shall instead be destroyed and certified as such by the receiving party to the producing party. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material. If a dispute arises concerning the

---

[1] (a)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or disclosures in this case.

7

privileged nature of the Privileged Materials demanded or returned, the parties shall meet and confer in good faith in an effort to resolve the dispute. If the parties are unable to resolve the dispute, the receiving party may file a motion to compel the production of such Privileged Materials. In the event of such a motion to compel, the producing party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity. In no case, however, will the return of any demanded Privileged Materials be delayed or refused by reason of a party's objection to the demand or by the filing of a motion to compel, nor may a party assert the fact of the inadvertent production as a ground for any such motion. The parties further agree that the responding party will not use or refer to any information contained within the Privileged Materials at issue, including in deposition or at trial or in any court filing (including any motion to compel production of the Privileged Materials), unless and until such a motion to compel that Privileged Material is granted by the Court. The parties agree that Fed. R. Evid. 502(d) applies to the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work-product protection.

7. **Stipulations**.

(a) **Party Productions Presumptively Authentic**. The parties agree that the documents and other materials they produce shall be deemed authentic; to the extent that any party has a good faith basis to believe that a document produced by a third party is not authentic, it will give written notice to the other side and the parties will promptly meet and confer in an attempt to resolve the objection.

(b) **Third Party Productions Presumptively Authentic.** The parties agree that documents and other materials produced by third parties pursuant to a subpoena are presumptively authentic; to the extent that any party has a good faith basis to believe that a document produced

8

by a third party is not authentic, it will give written notice to the other side and the parties will promptly meet and confer in an attempt to resolve the objection.

(c) **Electronically Stored Information.** Production of "electronically stored information" pursuant to Paragraph 4 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, the parties must propound specific email production requests pursuant to the E-Discovery Order in this case, which the parties will separately negotiate and submit.

8. **Signature**. The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

9. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made or is no longer complete or true.

10. **Discovery Disputes**.

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends

should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

        (b)    An opposed discovery related motion, or any response thereto, shall not exceed seven pages. Attachments to a discovery related motion, or a response thereto, shall not exceed five pages. No further briefing is allowed absent a request or order from the Court.

        (c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (see Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

        (d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion). Any change to a party's lead attorney designation must be accomplished by motion and order.

        (e)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV- 26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

11. **No excuses**.  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

12. **Filings**.  Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.

13. **Standing Orders**.  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court.  Such are posted on the Court's website http://www.txed.uscourts.gov/?q=judge/chief-district-judge-rodney-gilstrap.  The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference.  All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 11th day of April, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE