# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>                    Plaintiffs<br>v<br><br>APPLE INC.,<br><br>                    Defendant.<br><br>APPLE INC,<br><br>                    Counterclaim-Plaintiff<br>v<br><br>ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>                    Counterclaim-Defendants. | Civil Action No. 2:21-cv-376 |

**APPLE INC.'S SUR-REPLY IN OPPOSITION TO ERICSSON'S "MOTION TO CONFIRM APPLE'S AGREEMENT TO BE BOUND"**

Apple has stated clearly and unambiguously on multiple occasions—including in the first line of its opposition—that it will be bound by the FRAND terms determined through the December trial. Try as Ericsson might to parse and twist Apple's words to fit Ericsson's distorted narrative, the reality is that Apple has been crystal clear from the outset. Ericsson is just unwilling to accept it. For all its talk of "basic hornbook law" and the fundamentals of litigation, Reply at 2-3, Ericsson continues to studiously ignore the actual claims and requests for relief at issue in this case. Ericsson's reply also notably omits any explanation for why its motion is not simply a request for reconsideration of the Court's ruling that Apple's claim for a determination of FRAND terms for a renewed cross-license will be tried as part of this case. *See* ECF 73 at 1.

*First*, Apple's affirmative FRAND claims have been merged in this case, and they will be adjudicated alongside Ericsson's claims at the December trial. *See* ECF 46 at 11-12. Accordingly, Ericsson is incorrect that its "sticker price" proposal alone is "the central issue to the breach of contract claims/counterclaims." Reply at 3. Ericsson's repetition of that position from its opening brief does not make it right. Apple's own positions as to FRAND—including its position that the parties' last agreement is a critical indicator of what's FRAND as between Apple and Ericsson—will also be evaluated.

*Second*, Apple, not Ericsson, has requested that the Court "set FRAND terms and conditions for a license for Apple to Ericsson's global portfolio of cellular SEPs, including by reference to the terms previously agreed upon by the parties in their 2015 License." ECF 67 ¶139(e). By contrast, Ericsson has only requested that the Court issue declarations of Ericsson's compliance with FRAND and of Apple's alleged non-compliance. ECF 51 at 22-23.

The bottom line is that given Apple's counterclaims, both parties will be free to advocate for their view of FRAND at trial, and both parties will be bound by the ultimate determination. Apple looks forward to resolving the parties' dispute at trial in December.

DATED: April 22, 2022                                   Respectfully submitted,

                                                        */s/ Melissa R. Smith*
                                                        Melissa R. Smith
                                                        State Bar No. 24001351
                                                        melissa@gillamsmithlaw.com
                                                        GILLAM & SMITH, LLP
                                                        303 South Washington Avenue
                                                        Marshall, TX 75670
                                                        Telephone: 903-934-8450
                                                        Facsimile: 903-934-9257

Ruffin Cordell                                          Joseph J. Mueller (*pro hac vice*)
cordell@fr.com                                          Timothy D. Syrett (*pro hac vice*)
State Bar No. 04820550                                  joseph.mueller@wilmerhale.com
FISH & RICHARDSON P.C.                                  timothy.syrett@wilmerhale.com
1000 Maine Ave SW, Suite 1000                           WILMER CUTLER PICKERING
Washington, DC 20024                                      HALE AND DORR LLP
Telephone: 202-783-5070                                 60 State Street
Facsimile: 202-783-2331                                 Boston, MA 02109
                                                        Telephone: 617-526-6000
Benjamin C. Elacqua                                     Facsimile: 617-526-5000
State Bar No. 24055443
elacqua@fr.com                                          Mark D. Selwyn (*pro hac vice*)
FISH & RICHARDSON P.C.                                  mark.selwyn@wilmerhale.com
1221 McKinney Street, Suite 2800                        WILMER CUTLER PICKERING
Houston, TX 77010                                         HALE AND DORR LLP
Telephone: 713-654-5300                                 2600 El Camino Real, Suite 400
Facsimile: 713-652-0109                                 Palo Alto, CA 94306
                                                        Telephone: 650-858-6000
Betty Chen                                              Facsimile: 650-858-6100
State Bar No. 24056720
bchen@fr.com
FISH & RICHARDSON P.C.                                  ***Attorneys for Defendant Apple Inc.***
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Melissa R. Smith*