IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00376-JRG |
| APPLE INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Ericsson's Motion to Confirm Apple's Agreement to Be Bound (the "Motion") filed by Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"). (Dkt. No. 64.) In the Motion, Ericsson requests that the Court order Defendant Apple Inc. ("Apple") to confirm that "Apple has committed to accept and perform under the terms of Ericsson's offer if it is found to be FRAND." (*Id*. at 8.)

I.   DISCUSSION

Ericsson sent a license offer to Apple on October 4, 2021 that it contends was FRAND, and subsequently sent a fully integrated license to Apple on November 2, 2021 (collectively, "Ericsson's offer"). (Dkt. No. 64 at 3.) Ericsson argues that "[i]f the factfinder determines that Ericsson's license offer to Apple would have resulted in a license with FRAND terms and conditions, then Ericsson has complied with its contractual representation that it is 'prepared to grant' licenses on FRAND terms." (*Id*.)

Apple does not dispute this. Indeed, Apple contends, and Ericsson acknowledges, that while the FRAND commitment requires a patent owner to make a FRAND offer, the implementer

of the standard is not required to accept that offer. (*Id*. at 4.) However, Ericsson now argues that "if the factfinder decides Ericsson's offer complies with FRAND, Apple [must] agree[] to abide by that result and perform under the terms of that offer." (*Id*. at 1.)

In reaching this conclusion, Ericsson explains that after Apple rejected Ericsson's offer, thus resulting in the expiration of the parties' cross license, both parties filed patent infringement suits globally. According to Ericsson, "Apple asked various courts worldwide to stay or dismiss Ericsson's patent infringement cases by pointing to this litigation and representing that Apple's agreement to be 'bound' effectively mooted the other cases." (*Id*. at 4.) Ericsson acknowledges that Apple has "agree[d] to be bound" by the outcome of this litigation, but contends that Apple has "backtrack[ed]" on such agreement through letters Apple sent to Ericsson, discussed *infra*, that proposed a "radically different set of terms from the terms of Ericsson's offer," which Ericsson contends are "legally defective and not capable of resolution in a breach of FRAND case." (*Id*. at 1–2.) Ericsson argues that Apple's agreement to be "bound" in this case "should mean that Apple would perform under Ericsson's offered contract if that offer is adjudicated FRAND." (*Id*. at 4–5.) Ericsson contends that, at the scheduling conference, Apple confirmed its intention to accept the terms of Ericsson's offer if the offer is adjudicated to be FRAND. (*Id*. at 5.)

According to Ericsson, nine days after the scheduling conference before this Court, "Apple sent a letter to Ericsson stating that Apple will only be bound to the outcome under Apple's demanded license terms[]" and attached a proposed "Extension of Term of 2015 Global Patent License Agreement." (*Id*. at 6) (the "March 25 Offer").[1] The March 25 Offer contained blank lines

---

[1] Ericsson also contends that Apple's March 25 Offer "demands that Ericsson license its non-standard essential ["SEP"] (implementation) patents to Apple," but does not license Apple's "implementation patents back to Ericsson." (Dkt. No. 64 at 6.) Since Ericsson contends that "implementation patents are not covered by or included in the ETSI FRAND commitment," neither party has any legal obligation to license implementation patents and Apple "cannot plausibly claim that Ericsson has breached FRAND because it will not license implementation patents to Apple." (*Id*. at 6–7.) Given that the Court denies this Motion on other grounds, the Court does not address such argument at this juncture.

for the monetary terms "to be set by the FRAND-adjudicated case in Texas" such that the "Texas case would result in a complete and binding license agreement." (*Id*. at 6.) Ericsson takes issue with the March 25 Offer as "wholly irrelevant to the issue of whether Ericsson's offer to Apple complied with FRAND." (*Id*.) Moreover, Ericsson argues that the "blank lines" in Apple's March 25 Offer contemplate a lump-sum payment, as opposed to the running royalty structure in Ericsson's offer. (*Id*. at 7.) Ericsson contends that the "implementer of a standard cannot demand that a patent owner agree to take on the risk of a lump-sum royalty," especially given Apple's "notoriously secretive" plans for its products. (*Id*. at 7.)

In sum, Ericsson argues that "it is Ericsson's offer to Apple that is the basis of this case and will be tested for FRAND compliance." (*Id*. at 2.) Ericsson thus requests that this Court "order Apple to confirm" that it has "committed to accept and perform under the terms of Ericsson's offer if it is found to be FRAND." (*Id*.)

Conversely, Apple contends that the case is not a one-sided proceeding in which "the central issue to be litigated is whether Ericsson's offer to Apple would result in a FRAND license." (Dkt. No. 73 at 2.) Such is but one issue in a case with several claims related to FRAND commitments and contractual disputes. Instead, Apple contends that this case is about the "fairness of Apple's [March 25] offer to Ericsson" as weighed against "Ericsson's offer to Apple." (*Id*. at 1.) Apple points to this Court's decision that the trial in this case, aside from determining whether Ericsson's offer was FRAND, will also "resolve Apple's claim seeking a determination of FRAND terms binding on both parties." (*Id*. at 2.) This determination, according to Apple, will consider not only Ericsson's offer to Apple, but the prior license agreement between the parties in the 2015 license agreement. (*Id*. at 4.)

Apple argues that Ericsson's Motion "tries to create uncertainty where none exists" and avers that "Apple is committed to being bound by this Court's determination of FRAND terms for a global license between Apple and Ericsson." (*Id*. at 1.) Instead, Apple argues that Ericsson's Motion is a veiled motion for reconsideration of the Court's decision consolidating Apple's FRAND claims alongside Ericsson's FRAND claims in this case. (*Id*.)

## II.     ANALYSIS

Both parties agree that while the FRAND commitment requires a patent owner to make a FRAND offer, the implementer of the standard is not required to accept that offer. (Dkt. No. 64 at 4.) The Court concurs and sees no justification for requiring Apple to accept the terms of Ericsson's October 2021 offer if it is determined to be FRAND. This is doubly so because a separate count in this litigation explicitly asks the Court to declare FRAND terms and conditions for a license for Apple to Ericsson's global portfolio of cellular standard essential patents. Thus, the issue of whether Ericsson's offer was FRAND is entirely separate from the global rate setting requested by Apple. Indeed, as in any contractual negotiation, the offeror's offer only becomes binding on the offeree when it is accepted by the offeree. Here, if Ericsson's offer is found to be FRAND, then Apple may accept it and create a binding contract; Apple may reject it and not implement Ericsson's patented technology; or Apple may reject the FRAND offer, implement Ericsson's technology without the benefit of a license and subject itself to actions for infringement. The Court knows of nothing unique to the SEP scenario that alters these principles of black letter contract law.[2]

---

[2] Performance flows from a meeting of the minds evidenced by acceptance of an offer. Until the offer is accepted, there is no contract to be performed. As Williston makes clear: "A contract is a promise or set of promises for breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." 1 Williston on Contracts § 1 (3rd ed. 1957). Performance becomes a duty upon acceptance—not upon the making of an offer—regardless of whether or not (in the SEP context) that offer is FRAND.

## III. CONCLUSION

In light of the foregoing, Ericsson's request for an Order requiring Apple to confirm its intention that it will "perform under the terms of Ericsson's offer if it is found to be FRAND" is **DENIED**.

**So ORDERED and SIGNED this 2nd day of May, 2022.**

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　RODNEY GILSTRAP
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE