IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, <br><br>    *Plaintiffs*, <br><br>         vs. <br><br> APPLE INC., <br><br>    *Defendant.* <br><br> APPLE INC., <br><br>    *Counterclaim-Plaintiff*, <br><br>         vs. <br><br> ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, <br><br>    *Counterclaim-Defendants.* | Civil Action No. 2:21-cv-376 |

**SECOND AMENDED DOCKET CONTROL ORDER**

In accordance with the parties' joint motion to amend (Dkt. No. 123), it is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| **Original Date** | **Amended Date** | **Deadline/Event** |
|---|---|---|
| December 5, 2022 | | Jury Selection – 9:00 a.m. in Marshall, Texas before Judge Rodney Gilstrap |
| November 21, 2022 | | Pretrial Conference – 9:00 a.m. in Marshall, Texas before Judge Rodney Gilstrap |
| November 14, 2022 | | File Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict, Responses to Motions in Limine, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations. |

| | | |
|---|---|---|
| November 7, 2022 | | *Notify Deputy Clerk in Charge regarding the date and time by which juror questionnaires shall be presented to accompany by jury summons if the Parties desire to avail themselves the benefit of using juror questionnaires.[1] |
| November 7, 2022 | | File Motions in Limine<br>The parties are ordered to meet and confer on their respective motions in limine and advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before the pretrial conference. The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
| November 5, 2022 | | File Notice of Request for Daily Transcript or Real Time Reporting.<br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Official Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| November 7, 2022 | | Serve Pretrial Objections |
| October 24, 2022 | | Serve Pretrial Disclosures |
| October 24, 2022 | | Response to Dispositive Motions (including Daubert Motions).[2] Responses to dispositive motions filed prior to the dispositive motion deadline, including Daubert Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56. |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of Voir Dire.

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the

| | | |
|---|---|---|
| October 10, 2022 | | Deadline for Filing Dispositive Motions and any other motions that may require a hearing; including Daubert motions. |
| October 10, 2022 | | Defendant to Identify and Give Notice of Trial Witnesses |
| October 3, 2022 | | Plaintiff to Identify and Give Notice of Trial Witnesses |
| September 26, 2022 | | File Response to Amended Pleadings |
| September 26, 2022 | | Mediation to be completed |
| September 5, 2022 | September 19, 2022 | Expert Discovery Deadline |
| August 29, 2022 | September 12, 2022 | Rebuttal expert reports |
| August 15, 2022 | | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| July 20, 2022 | August 3, 2022 | Expert reports by party with the burden of proof |
| July 15, 2022 | | Close of Fact Discovery and Deadline to File Motions to Compel Regarding Discovery Disputes. |
| April 20, 2022 | | Join Additional Parties |
| April 20, 2022 | | File Amended Pleadings (It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.) |

motion." Local Rule CV-7(e) provides that a party opposing a motion has 14 days, in addition to any added time permitted under Fed. R. Civ. P. 6(d), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

**(\*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.**

### ADDITIONAL REQUIREMENTS

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions:** For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed.  All documents shall be single-sided and must include the CM/ECF header.  These copies shall be delivered to the Court within three (3) business days after briefing has completed.  For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court.  Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:**  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Lead Counsel:**  The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise."  Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel.

**Motions for Continuance:** The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)   The fact that there are motions for summary judgment or motions to dismiss pending;

(b)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):**  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO:**  The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**Joint Pretrial Order:** In the contentions of the Parties included in the Joint Pretrial Order, the Plaintiff shall specify all allegedly infringed claims that will be asserted at trial. The Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents. Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity. The contentions of the Parties may not be amended, supplemented, or dropped without leave of the Court based upon a showing of good cause.

**So ORDERED and SIGNED this 15th day of July, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE