# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. 2:21-cv-376 <br><br> Jury Trial Demanded |
| APPLE INC, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, <br><br> Counterclaim-Defendants. | |

**APPLE'S SUR-REPLY IN FURTHER OPPOSITION TO ERICSSON'S MOTION TO AMEND DISCOVERY ORDER (DKT. 74)**

For multiple reasons, Ericsson fails to demonstrate either that (1) when the Discovery Order expressly limited each side to "up to five (5) testifying expert witnesses," Dt. 74 at 4, it actually meant five retained experts and *any number* of additional employee-experts, or (2) good cause exists to allow seven witnesses to provide expert opinions.

*First*, this Court has already determined, following contested briefing preceding entry of the Discovery Order, that "[e]ach side is entitled to up to five (5) testifying expert witnesses in the -376 case[.]" Dkt. 74 at 4. Yet Ericsson continues to argue that its request for seven experts is consistent with the Discovery Order because it believes the Court's language applies only to "retained" expert witnesses. But the plain language of the Discovery Order is clear: each side is permitted up to five testifying experts, whether retained for purposes of this litigation or employees of a party. *See* Opp. Br. at 1-2 (explaining that the Court already considered and rejected Ericsson's proposal for seven expert witnesses). At the time of the prior briefing, Ericsson knew it had used employee-experts—the same two employees whom it seeks to use here (Messrs. Parkvall and Cason)—in prior litigation against HTC in this Court. *See* Opp. Br. at 4. But in the meet and confer with Apple and in the briefing before this Court, Ericsson never sought to distinguish between the two categories of experts that it now claims to exist.

*Second*, Ericsson's claim that it presented sufficient information to justify the addition of two testifying experts fails. Ericsson's motion offered only a single, conclusory sentence to explain who its additional employee-experts would be and what they would say. *See* Mot. at 2 ("The individuals were not retained as experts for this matter, but are merely Ericsson employees who will testify about their knowledge of certain technical issues (including workings of standardization in 3GPP and Ericsson's claim chart preparation) in this case."). Ericsson's motion provided no information regarding why it would be necessary for the employees to

provide opinion testimony above and beyond five retained experts. In contrast, Apple's opposition demonstrated why the employee testimony would be duplicative of the retained expert testimony and therefore its absence would not prejudice Ericsson. Opp. Br. at 5-6. In response, Ericsson again wholly failed to explain why the testimony of seven persons providing expert opinion testimony is necessary.

Ericsson appears to know that its single sentence explanation falls far short of good cause. Its opposition quickly pivots to an excuse, claiming it did not need to provide more information regarding the employees who would offer expert opinion testimony—including what they would say or why they were needed to say it—because Ericsson filed its motion before the August 3 deadline for expert reports. Ericsson's timing argument is unpersuasive: regardless of when Ericsson filed its motion to increase the number of experts, it needed to demonstrate that good cause exists. Ericsson failed to do so.

***Third***, Ericsson's reliance on the brief order from *Preston v. Schneider Nat'l Carriers*, No. 2:04-cv-19, 2005 U.S. Dist. LEXIS 62323, at *4-5 (E.D. Tex. Jan. 27, 2005), further highlights the weakness of Ericsson's arguments. In *Preston*, the Court granted an order to increase from three to five the number of persons who could be designated as experts prior to trial. *Id*. ("the purpose of the limitation in the discovery order was to limit the *designations* of experts to a certain number, not simply the amount of depositions") (emphasis in original). Here, the Court did not place a limit on the number of persons who may be designated as experts for discovery purposes. Indeed, as Ericsson points out, Apple designated seven experts and Ericsson itself designated ten. Reply Br. at 2. Those persons have provided reports or disclosures, as appropriate, and may be deposed. But for purposes of trial, in accordance with the Discovery

Order, each side will be required to make litigation and strategic decisions as to which five persons may testify and offer opinion evidence.

Simply put, *Preston* does not support or suggest Ericsson should get more than five persons offering expert opinions ***at trial***. *Preston* itself expressly does not address that point: "None of this is to say, however, that this court will permit all designated experts to testify at trial as to all of their opinions. For example, the testimony of the life care planner and the economist, in particular, might overlap, and this court does not permit cumulative testimony. But that issue is for another day." 2005 U.S. Dist. LEXIS 62323, *5.[1]  As noted, Ericsson has not explained why the testimony of its two proposed additional employee-experts would not be cumulative of its retained experts.

***Finally***, Ericsson insists the four-factor test from *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2:17-cv-235, 2018 WL 3533362 (E.D. Tex. July 23, 2018), applies in its favor.  It is odd, to say the least, that Ericsson continues to cite this test, which is clearly directed to the "scheduling" aspect of the discovery/scheduling order. *See*, *e.g.*, *id*. at * 3 (setting forth four-factor "good cause" test used "[w]hen evaluating a motion for leave to amend a ***scheduling order*** or a motion for leave to amend contentions," including "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a

---

[1] The other case cited by Ericsson is similarly inapplicable. In *TravelPass Group, LLC v. Caesars Entertainment Corp.*, No. 5:18CV153-RWS-CMC, 2020 WL 10963947, at *4 (E.D. Tex. Nov. 9, 2020), defendants moved to amend the Discovery Order to allow five expert witnesses per side instead of three in light of defendants' counterclaims.  The court found that one additional expert witness per side was warranted in light of the counterclaims, but faulted defendants for not being diligent in filing their motion and for failing to "sufficiently explain[]" the delay.  "This, combined with the other factors, weighs against any further modification of the number of expert witnesses." *Id*.

continuance to cure such prejudice") (emphasis added)). In any event, Ericsson's focus on this four-factor test is a red herring. Ericsson has failed to satisfy any definition of "good cause."

The Court has already determined that five expert witnesses per side is sufficient for each party to present its case. As such, Ericsson's motion is, in effect, a motion for reconsideration, and Ericsson has not presented good cause for the Court to reconsider its prior determination. *See* Opp. Br. 1-2. Ericsson cannot present more than five witnesses to offer expert opinion testimony, and it cannot circumvent that rule by claiming two of its experts should not count towards the total because they are Ericsson employees. Ericsson has presented no good cause— including, for instance, no changes in facts or circumstances since the Court issued its limit of five to justify an increase; no new contentions; no new counterclaims—for why the Court should hear expert opinions from seven witnesses.

Apple respectfully requests that the Court deny Ericsson's motion.

- 5 -

| | |
|---|---|
| DATED: August 23, 2022 | Respectfully submitted,<br><br>*/s/ Melissa R. Smith*<br>Melissa R. Smith<br>State Bar No. 24001351<br>melissa@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Telephone: 903-934-8450<br>Facsimile: 903-934-9257 |
| Ruffin Cordell<br>cordell@fr.com<br>State Bar No. 04820550<br>FISH & RICHARDSON P.C.<br>1000 Maine Ave. SW, Suite 1000<br>Washington, DC 20024<br>Telephone: 202-783-5070<br>Facsimile: 202-783-2331 | |
| Benjamin C. Elacqua<br>State Bar No. 24055443<br>elacqua@fr.com<br>FISH & RICHARDSON P.C.<br>1221 McKinney Street, Suite 2800<br>Houston, TX 77010<br>Telephone: 713-654-5300<br>Facsimile: 713-652-0109 | Joseph J. Mueller (*pro hac vice*)<br>Timothy D. Syrett (*pro hac vice*)<br>joseph.mueller@wilmerhale.com<br>timothy.syrett@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: 617-526-6000<br>Facsimile: 617-526-5000 |
| Betty Chen<br>State Bar No. 24056720<br>bchen@fr.com<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: 650-839-5070<br>Facsimile: 650-839-5071 | Mark D. Selwyn (*pro hac vice*)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>2600 El Camino Real #400<br>Palo Alto, CA 94306<br>Telephone: 650-858-6000<br>Facsimile:  650-858-6100<br>***Attorneys for Defendant Apple Inc.*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiffs' counsel of record were served with a true and correct copy of the foregoing document by electronic mail on August 23, 2022.

*/s/ Melissa R. Smith*
