IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00376-JRG |
| APPLE INC., | § § § | |
| *Defendant*. | § § | |

### ORDER

Before the Court is the Motion to Compel Apple to Present a Corporate Representative to Testify on Relevant Topics (the "Motion") filed by Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"). (Dkt. No. 121.) Having considered the Motion and the related briefing, the Court is of the opinion that the Motion should be **GRANTED-IN-PART** and modified by the Court herein.

### I.  BACKGROUND

In the Motion, Ericsson asks the Court to compel Defendant Apple Inc. ("Apple") to present a corporate representative to testify on topics from Ericsson's May 13, 2022 Third Notice of Deposition ("Ericsson's Third Notice of Deposition"). (Dkt. No. 121 at 1.) In response to Ericsson's Motion, Apple represented that it has already designated witnesses on a number of topics that would largely render Ericsson's Motion moot. (*See generally* Dkt. No. 132 at 1–2.) Given Apple's representations, the Court ordered the parties to meet and confer and file a notice with the Court outlining the parties' remaining disputes. (Dkt. No. 137.) The parties filed a Joint Notice Regarding Ericsson's Motion (the "Notice") and represented that the parties remain at an

impasse on Topic No. 50 ("Topic 50") from Ericsson's Third Notice of Deposition. (Dkt. No. 146 at 1.)

Topic 50 requests that Apple provide a witness to testify regarding "[b]usiness agreements or ventures that Apple has entered into related to the 2G, 3G, 4G, or 5G standard, or any Apple product capable of utilizing those standards including, but not limited to, deals or agreements with Foxconn, Wistron, Pegatron, and Qualcomm." (Dkt. No. 146 at 2; *see also* Dkt. No. 121 at 4–5; Dkt. No. 121-1 at 2.)

In the Motion, Ericsson represents that Topic 50 relates to "Apple's agreements related to cellular products or components, including those with suppliers, that relate to Apple's payment for rights to SEPs." (Dkt. No. 121 at 4.) Ericsson states that Apple has engaged in litigation with suppliers and/or SEP licensors in the past and contends that in resolving the same, Apple has "used a complex web of agreements involving royalties, rebates, and credits to various suppliers that are difficult to ascertain from any single set of records." (*Id*.) Ericsson argues that the amount that Apple pays to each individual SEP licensor, whether directly or indirectly through the form of a credit or rebate to another supplier, is "necessary to conduct an accurate analysis of purportedly 'comparable' license rates." (*Id*. at 4–5.)

In response, Apple argues that Ericsson does not frame its request with the required "reasonable particularly" necessary to warrant an order compelling testimony. (Dkt. No. 132 at 2.) Apple additionally argues that Topic 50 is an "impossibly broad topic that purports to cover every business agreement, venture, or deal related to cellular standards or products capable of supporting those standards that Apple has ever entered." (*Id*. at 5.) Ericsson's Motion states that the topic is relevant to Ericsson's determination of the "precise amount that Apple pays each individual SEP licensor," but Apple notes that Topic 50 does not mention SEP licensors. (*Id*.) Moreover, Apple

contends that payments that Apple makes to licensors are reflected in Apple's responses to Ericsson's other discovery requests related to cellular licensing. (*Id.*; *see also* Dkt. No. 132-3.) Specifically, Apple points to its response to Ericsson's Interrogatory No. 10, which requested that Apple identify and describe all licenses that Apple contends are comparable for purposes of FRAND with respect to either Apple's SEPs or Ericsson's SEPs. (*See* Dkt. No. 132-3.) There, Apple identified over 50 licenses by Bates number "under which Apple has obtained rights to claimed-essential cellular patents subject to FRAND commitments." (*Id.*)

## II.  ANALYSIS

The Court finds that Ericsson's Topic 50 is unduly broad. Ericsson's Motion does not explain or even address why Apple's identification of over 50 SEP licenses is insufficient for Ericsson to ascertain the amount paid by Apple to each individual SEP licensor. Moreover, Ericsson has not limited its request to any temporal or geographical scope. However, the Court does not find that the material sought in Topic 50 is wholly irrelevant to the claims and defenses asserted in this case. Specifically, Ericsson contends that Apple is party to certain SEP agreements that provide for compensation beyond a traditional "royalty" including, but not limited to, rebates or credits. Such compensatory arrangements may not be apparent from the face of a license agreement or, indeed, may not even be present within the licenses identified by Apple in its response to Ericsson's Interrogatory No. 10.

## III.  CONCLUSION

The Court **GRANTS** the Motion as modified herein. Apple is to proffer a corporate representative to testify as to licenses that Apple has entered into related to the 2G, 3G, 4G, or 5G standard which contain compensatory provisions that are not identified as a royalty, including but not limited to a rebate, voucher, or credit, and such licenses being entered into and/or in place and

operative as of January 1, 2016. Additionally, Apple must proffer a corporate representative to testify to the agreements with Foxconn, Wistron, Pegatron, and Qualcomm as identified in Ericsson's Topic 50, and which fall within the parameters specified above, *i.e.*, that such agreements were in place and operative as of January 1, 2016.

**So Ordered this**
**Aug 24, 2022**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE