IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON, | § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | CIVIL ACTION NO. 2:21-CV-00376-JRG |
| APPLE INC., | | |
| *Defendant*. | | |

**ORDER**

Before the Court is the Motion to Amend Discovery Order (the "Motion") filed by Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"). (Dkt. No. 140.) In the Motion, Ericsson requests that the Court amend the Discovery Order (Dkt. No. 74) to "increase the number of testifying expert witnesses that may be disclosed by the parties to address certain fact witnesses whose testimony may, in part, involve opinions as contemplated by Rule 26(a)(2)(C)." (*Id*. at 1.) Defendant Apple Inc. ("Apple") opposes the Motion. (*See generally* Dkt. No. 158.) Having considered the Motion and the related briefing, the Court is of the opinion that the Motion should be **DENIED**.

  **I.   DISCOVERY ORDER**

The Court entered its Discovery Order on April 11, 2022. (Dkt. No. 74.) The Discovery Order provides, in pertinent part, that a party must disclose the "identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" and, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, [the disclosing party must]

provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26[.]" (*Id*. at 2(a).) For all other such witnesses used at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, the disclosing party must provide the disclosure required by Fed. R. Civ. P. 26(a)(2)(C). (*Id*. at 2(b).) The Discovery Order further states that each side "is entitled up to five (5) testifying expert witnesses" and that either party "may move for an additional expert upon a showing of good cause." (*Id*. at 4.)

## II.  BACKGROUND

Ericsson "seeks leave to designate two…lay opinion witnesses pursuant to Rule 26(a)(2)(C)" in "addition to the five (5) testifying expert witnesses permitted under the Discovery Order (pursuant to Rule 26(a)(2)(B))." (Dkt. No. 140 at 1.) Ericsson represents that the two witnesses at issue are Ericsson employees and states that although they are "primarily fact witnesses, Ericsson makes its request because it is possible that Apple may argue that portions of their testimony may involve the 'present[ation of] evidence under Federal Rule of Evidence 702, 703, or 705' at trial." (*Id*.)

Ericsson claims that it makes its request "out of an abundance of caution" and "does not seek to expand the number of retained testifying experts pursuant to Rule 26(a)(2)(B)." (*Id*.) The Ericsson employees, which Ericsson does not name in its Motion, "were not retained as experts for this matter, but are merely Ericsson employees who will testify about their knowledge of certain technical issues (including workings of standardization in 3GPP and Ericsson's claim chart preparation) in this case[]" which "may touch on areas of opinion but would not fall within the scope of Rule 26(a)(2)(B), which applies to experts retained for the purpose of testifying at trial." (*Id*. at 2.) Ericsson states that it "plans to present only five retained experts at trial" and clarifies that what it seeks is "merely clarification that two employee witnesses who undoubtedly may testify as fact witnesses at trial may also provide Rule 26(a)(2)(C) disclosures." (Dkt. No. 158 at

1.) Thus, Ericsson "asks the Court to amend the Discovery Order to expressly permit the parties to disclose up to two (2) additional witnesses pursuant to Rule 26(a)(2)(C) who may testify at trial." (*Id*. at 5.)

Apple contends that what Ericsson actually seeks in its Motion is a reconsideration of the Court's ruling on the parties' disputed Discovery Order. (Dkt. No. 154 at 1.) During the parties' negotiation of the Discovery Order, Apple sought to limit the number of testifying experts presented at trial to five, while Ericsson sought a limit of seven. (*Id*.) The Court adopted Apple's proposal, limiting the number of testifying expert witnesses to five per side. (*Id*.; *see also* Dkt. No. 74 at 4.) Apple contends that Ericsson, "having been denied its original desire to present seven experts at trial," is now "resorting to its own employees as expert witnesses" as an end-run around the Court's Discovery Order. (Dkt. No. 154 at 2.) Apple also faults Ericsson for failing to "offer the most basic information about the experts whom it seeks to add," including their names or company roles. (*Id*. at 3.) Therefore, Apple contends, Ericsson cannot show good cause to amend the Discovery Order. (*Id*. at 2–3.) Apple also argues, having been served with the Rule 26(a)(2)(C) disclosures of the purported Ericsson employees, that their opinions are cumulative of testimony from Ericsson's other designated experts and that such overlap "undermines" Ericsson's "good cause" argument. (*Id*. at 5–6.)

The crux of Apple's opposition to Ericsson's Motion is that "[t]he Court decided each side could have up to five testifying experts. Ericsson has now disclosed ten individuals who will offer expert opinions, and it is free to select any five from those ten to testify, including employees who will offer opinion testimony." (*Id*. at 6.) The Court agrees.

### III.  DISCUSSION

Ericsson asks "whether Rule 26(a)(2)(C) witnesses are included in the limit of five testifying experts" under the Court's Discovery Order. (Dkt. No. 158 at 1.) The answer is "yes."

3

The limit on testifying expert witnesses in the Court's Discovery Order applies to experts presenting evidence under Federal Rule of Evidence 702, 703, or 705 designated under both Fed. R. Civ. P. 26(a)(2)(B) *and* Fed. R. Civ. P. 26(a)(2)(C). Apple was therefore correct to note that the "plain language of the Discovery Order is clear: each side is permitted up to five testifying experts, whether retained for purposes of this litigation or employees of a party." (Dkt. No. 161 at 1.)

The Court wishes to make it clear that the Discovery Order does not impose a limit on the number of witnesses that may serve disclosures under Fed. R. Civ. P. 26(a)(2)(C). However, the limit on testifying expert witnesses in Section 5 of the Discovery Order includes those witnesses serving disclosures under Rule 26(a)(2)(C). Therefore, having served disclosures under Rule 26(a)(2)(C), should Ericsson call either or both of these witnesses at issue to testify at trial, those witnesses will count toward Ericsson's limit on five testifying experts. The Court also finds that Ericsson's fear that its employee witnesses, whose testimony will be "primarily factual," will draw objections as giving opinion testimony does not warrant increasing the number of testifying experts per side.

## IV. CONCLUSION

In light of the foregoing, Ericsson's request to modify the Discovery Order (Dkt. No. 74) is **DENIED**. Ericsson may serve unlimited disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C) without modification to the Discovery Order. However, witnesses that serve Rule 26(a)(2)(C) disclosures and testify at trial are considered "expert witnesses" for purposes of this Court's stated limit on testifying expert witnesses at trial.

**So ORDERED and SIGNED this 6th day of September, 2022.**

                                                                      _____
                                                                      RODNEY GILSTRAP
                                                                       UNITED STATES DISTRICT JUDGE